UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                  02 CR 0778 (SJ)

    - against -

                                                 **MEMORANDUM &**
                                                     **ORDER**

RICHARD JAMES and RONALD MALLAY,

                    Defendants.
-----------------------------------------------------------X
A P P E A R A N C E S:

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney, EDNY
One Pierrepont Plaza, 15th Floor
Brooklyn, New York 11201
By:    Robert Capers, Esq.
          James McGovern, Esq.
          Lawrence Ferazani, Esq.
Attorneys for the United States

EPHRAIM SAVITT, ESQ.
260 Madison Avenue, Suite 2200
New York, NY 10016
Attorney for Defendant Richard James

STEVE ZISSOU & ASSOCIATES
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
By:    Steve Zissou, Esq.
Attorney for Defendant Richard James

KAPLAN & KATZBERG
767 Third Ave, 26th Floor
New York, NY 10017
By:    Kenneth J. Kaplan, Esq.
Attorney for Defendant Ronald Mallay

1

LAW OFFICES OF RICHARD JASPER
276 Fifth Avenue, Suite 501
New York, NY 10001
By:	Richard Jasper, Esq.
Attorney for Defendant Ronald Mallay

JOHNSON, Senior District Judge:

Defendants James and Mallay stand accused of participating in the "Mallay Enterprise," a criminal enterprise that existed for the purpose of, among others things, committing murder for pecuniary gain. Specifically, Defendants are accused of purchasing life insurance policies, hiring people to murder the insured person, and then recouping the life insurance proceeds for themselves and their co-conspirators. In sum, Defendants are charged with murder, murder-for-hire, solicitation of murder, conspiracy to murder, racketeering, obstruction of justice, mail fraud, and money laundering.

On May 29, 2007, the government called Dr. Vivikanand Brijmohan as a witness. Dr. Brijmohan is employed by Georgetown Hospital Corporation as the chief forensic pathologist in "region six" of Guyana, and was the person that conducted the autopsy of Hardeo Sewnanan. (Tr. at 3234-35). Dr. Brijmohan testified that Sewnanan's cause of death was "ingestion of a toxic substance with an ammoniacal compound." (Tr. at 3299). The government sought to introduce the autopsy report, including the toxicology report created by Dr. Leslie Mootoo, the Guyanese "government's forensic pathologist and bacteriologist." (Tr. at 3237). Dr. Mootoo,

having died several years ago, was unavailable to testify.

Defendants now move to preclude the government from introducing Dr. Mootoo's toxicology reports into evidence. The basis of Defendants' motion is that introduction of the toxicology report violates the Confrontation Clause of the Sixth Amendment because (1) it is testimonial and they have not had an opportunity to cross-examine its author and, in the alternative, (2) the report is an unreliable non-testimonial out-of-court statement. For the following reasons, Defendants' motion is denied.

**Discussion**

The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right […] to be confronted with the witnesses against him." U.S. Const., Amend. VI. In Crawford v. Washington, 541 U.S. 36, 40 (2004), the Court ruled that out-of-court statements that are testimonial in nature are inadmissible unless the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant regarding the out-of-court statement. See Crawford, 541 U.S. at 59; United States v. Stewart, 433 F.3d 273, 290 (2d Cir.2006); United States v. Logan, 419 F.3d 172, 177 (2d Cir.2005).

Although the Supreme Court did not define "testimonial" in Crawford, "it did offer a number of observations that suggest the contours of that definition." United States v. Feliz, 487 F.3d 227, 232 (2d Cir.2006). The Second Circuit has interpreted these "contours" and found that autopsy reports were not testimonial in nature. Id. at 233. The Court reasoned that autopsy reports were properly admitted under Fed. R.

Evid. 803(6), see United States v. Rosa, 11 F.3d 315 (2d Cir.1993) (finding that the NYC Medical Examiner's Office was independent from law enforcement), and that a statement properly admitted under Rule 803(6) cannot be testimonial, see Feliz, 487 F.3d at 233.

Defendants attempt to distinguish between an autopsy and a toxicology report. They further contend that Dr. Mootoo's toxicology report is testimonial for the purposes of the Confrontation Clause because it is a "chemist's" report created by "law enforcement." The Court finds that these characterizations are incorrect. Defendants took great pains to describe the close proximity between the medical examiner's office and the Guyanese police station as well as cooperation between the medical examiner and the police. However, the critical inquiry is not the physical proximity of two agencies or their level of cooperation, but rather whether the agency that created the report can be characterized by its duties and purposes as law enforcement. See Rosa, 11 F.3d at 332 ("the Medical Examiner's Office is required simply to investigate unnatural deaths; it refers a death bearing any indicium of criminality to the appropriate district attorney and has no responsibility for enforcing any laws.").

Dr. Brijmohan's testimony established that Dr. Mootoo worked as a forensic pathologist and was employed by Georgetown Hospital, which was under the control of the Guyanese Ministry of Health. (Tr. at 3237, 3275). There is no indication that Dr. Mootoo was employed by a law enforcement agency or was responsible for enforcing any laws. The mere fact that Dr. Mootoo was a government employee does

not, by itself, demonstrate that he was a member of law enforcement. See, e.g., Rosa, 11 F.3d at 320.

Further, based on Dr. Brijmohan's testimony, it appears that the Guyanese Office of Forensic Medicine, for which Drs. Brijmohan and Mootoo worked, is directly analogous to the New York City Medical Examiner's Office. (Tr. at 3274-75). Specifically, Dr. Brijmohan described his and Dr. Mootoo's purpose as "the investigation of deaths, unnatural deaths also viewed as suspicious deaths." (Tr. at 3235). Accordingly, because Dr. Mootoo's function and purpose was the same as any medical examiner in New York, his report does not fall into the "law enforcement" exception to the business record exception to the hearsay rule.

Moreover, Dr. Brijmohan's testimony established that a toxicology report is not separate and distinct from an autopsy report. Rather, in addition to the internal and external examination of the corpse, the toxicology report is an integral part of forensic pathology. This view was confirmed by Dr. Corinne Ambrosi, the Deputy Chief Medical Examiner at the New York City Medical Examiner's Office in Queens for Queens, who testified for the government on June 7, 2007. She stated that the toxicology report is "very important" to the autopsy report and is a "large part" of forensic pathology.[1] (Tr. at 4659-60). Indeed, the toxicology report in this case

---

[1] It is worth noting that Dr. Ambrosi testified based upon an autopsy report completed by Dr. Heda Jindrak. (Tr. at 4666). During the autopsy, Dr. Jindrak conducted an internal and external examination as well as a toxicology analysis. (Id. at 4667) Dr. Ambrosi described this process as "routine." (Id.)

formed the basis for the findings of the autopsy. Accordingly, Dr. Mootoo's toxicology report is admissible under Rule 803(6) and is therefore not subject to the constraints of Crawford.

Defendants further contend that if the out-of-court statements are not testimonial in nature, they may only be admitted into evidence if they "bear[] adequate indicia of reliability." Ohio v. Roberts, 448 U.S. 56, 66 (1980). The Supreme Court, however, has recently made clear that "the Confrontation Clause simply has no application to nontestimonial statements." Feliz, 467 F.3d at 231 (citing Davis v. Washington, --- U.S. ----, 126 S.Ct. 2266, 2274, 165 L.Ed.2d 224 (2006) (holding that the limitation with respect to testimonial "mark[s] out not merely [the Confrontation Clause's] 'core,' but its perimeter")). Therefore, Defendants' urging of this Court to pass upon the reliability of an autopsy or toxicology report conducted and prepared in a "third-world country," (Tr. at 3328), is of no legal significance.

**Conclusion**

Accordingly, Defendants' motion to preclude the government from introducing Dr. Mootoo's toxicology report is DENIED.

SO ORDERED.

Dated: June 21, 2007            _____/s/_____
       Brooklyn, New York               Senior U.S.D.J.